UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
Case No. _____

2:17CV-86-FtM-99CM

ANN NINA PRIZZI,

    Plaintiff,

v.

RODES FARMS, INC.,

    Defendant.

## COMPLAINT

Plaintiff, ANN NINA PRIZZI ("Plaintiff"), sues the Defendant, RODES FARMS, INC. (the "Defendant"), and alleges:

### JURISDICTION

1. This is an action to recover damages for retaliatory discharge under the laws of the United States and of the State of Florida.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"). The Court has supplemental jurisdiction over the claim brought under Florida Statute § 440.205. The facts regarding Plaintiff's state law claim are so related to the federal claim that they form part of the same case or controversy.

### VENUE

3. Plaintiff is a resident of Lee County, Florida, within the jurisdiction of this Honorable Court. Plaintiff was a covered employee for purposes of the Act.

4. Defendant is a Florida company having its main place of business in Lee County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce. The Defendant is a restaurant and an "employer" under the Act.

### COUNT I: 29 U.S.C. 215 (a)(3)
### RETALIATORY DISCHARGE

5. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 4 above as if set out in full herein.

6. 29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to **discharge** or in any manner **discriminate** against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

7. Plaintiff worked for the Defendant as an Executive Chef and Kitchen Manager from April 3, 2016, through December 19, 2016.

8. During her tenure as an Executive Chef and Kitchen Manager, Plaintiff learned that Defendant was not properly paying overtime to its kitchen non-exempt employees.

9. Just prior to her termination, Plaintiff complained to the Defendant and warned Defendant that it must properly pay overtime to the kitchen staff, or else the kitchen staff was going to go to the Department of Labor and file a complaint.

10. In response, on December 19, 2016, the Defendant fired Plaintiff.

11. The motivating factor, which caused Plaintiff's discharge as described above, was the complaint of Plaintiff about overtime.

12. The Defendant's termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter a judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Defendant from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

## COUNT II: FLA. STAT. § 440.205
## RETALIATORY DISCHARGE

13. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 4 and 7 above as if set out in full herein.

14. On or about December 19, 2016, Plaintiff sustained a work-related injury at work, which required urgent medical care.

15. Plaintiff immediately reported the work-related injury to her supervisor and requested medical treatment.

16. Later, on the same day Plaintiff sustained the work-related injury, Defendant fired Plaintiff.

17. Plaintiff's work prior to her discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as Plaintiff was entitled to do.

18. A motivating factor, which caused the Plaintiff's discharge as described above, was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.

19. Plaintiff would not have been fired but for her claiming worker's compensation benefits as described above.

20. Defendant's termination of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result. the Plaintiff has been damaged.

21. By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

22. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages according to proof.

**WHEREFORE**, the Plaintiff respectfully requests judgment against Defendant for all back wages from the date of discharge to the present date; reinstatement and promotion; injunctive relief prohibiting Defendant from wrongfully discharging in the manner described above; front wages; any other relief allowed under Florida Statutes; and for any and all other relief that this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: February 6, 2017.

Respectfully submitted,

By: /s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166

Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549